1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

          Plaintiff/Cross Defendant,

vs.

MARY ANN BARBUTI, *et al.*

          Defendants/Cross-Claimants.

_____

MARY ANN BARBUTI, *et al.*

          Third Party Plaintiffs,

vs.

GREEN TREE SERVICING, LLC., *et al*.

          Third Party Defendants.

_____

Case No. 2:12-cv-00101-JCM-CWH

**ORDER**

       This matter is before the court upon the parties' Stipulation to Stay Discovery (#21), filed April 6, 2012.

       The stipulation asserts that a discovery plan and scheduling order should not be filed in this case until the district judge has ruled on Mary Ann Barbuti and Peter Barbuti's Motion to Remand to State Court, Federal National Mortgage Association's Motion to Dismiss, or in the Alternative, to Stay Third Party Plaintiffs' Claims, and Federal National Mortgage Association's Motion to Dismiss Third Party Plaintiffs' Second Claim for Satisfaction, Fifth Claim for Unjust Enrichment and Eighth Claim for Declaratory Relief.

       Courts have broad discretionary power to control discovery.  *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  A pending dispositive motion is not "a situation that in and of itself

1  would warrant a stay of discovery." *See Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554,

2  555-56 (D. Nev. 1997) (quoting *Twin City Fire Ins. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653

3  (D. Nev. 1989)).

4      Rule 26(c) of the Federal Rules of Civil Procedure provides that the court "may make any order

5  which justice requires to protect a party or person from annoyance, embarrassment, oppression, or

6  undue burden or expense." Fed. R. Civ. P. 26(c).  The Rule also requires the movant to show good

7  cause in requesting an order to stay discovery.  *Id*.  Although Rule 26(c) protects against oppression or

8  undue burden or expense, a showing that discovery may involve some inconvenience and expense does

9  not suffice to establish good cause.   Along with balancing the harms of staying discovery, the court

10  should also "take a preliminary peek at the merits of the allegedly dispositive motion to see if on its

11  face there appears to be an immediate and clear possibility that it will be granted." *GTE Wireless v.*

12  *Qualcomm, Inc.*, 192 F.R.D. 284, 286 (S.D. Cal. 2000) (internal citations omitted); *see also Turner*, 175

13  F.R.D. at 556 (stating that situations where a stay in discovery is appropriate include cases where

14  jurisdiction, venue, or immunity are preliminary issues or where the complaint is "utterly frivolous" or

15  filed merely for settlement value).

16      The Barbutis' Motion to Remand to State Court is the sole motion currently pending before the

17  Court.[1]  Without making a determination on Defendants/Cross-Claimants' Motion, it appears to the

18  Court that the motion has some merit and that there is a possibility that it will be granted, thereby

19  eliminating federal jurisdiction.  Thus, good cause exists for a stay in this matter.  Accordingly,

20      **IT IS ORDERED** that the parties' Stipulation to Stay Discovery (#21) is **GRANTED.**

21      **IT IS FURTHER ORDERED** that a Telephonic Status Conference in this matter shall be held

22  on Monday, June 11, 2012 at 9:30 AM in Courtroom 3C.  The parties are instructed to call telephone

23  number: (702) 868-4921, access code: 123456, 5 minutes prior to the hearing time.  The Court will join

24  the call and convene the proceedings.  The call must be made on a land line.  The use of a cell phone or

25

26      [1] The parties' stipulation references two Motions to Dismiss apparently filed in Las Vegas
    Justice Court prior to removal to this Court.  However, these motions have not been filed in the federal
27  case at bar and are not currently pending before the Court.  Thus, a stay based on the resolution of these
    motions is unwarranted.
28

2

1    speaker phone during the proceedings is prohibited.

2            Dated this 11th day of April, 2012.

3

4                                                    _____
                                                     C.W. HOFFMAN, JR.
5                                                    UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28