UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

Plaintiff,

v.

MARY ANN BARBUTI, et al.,

Defendants.

2:12-CV-101 JCM (CWH)

**ORDER**

Presently before the court is third-party plaintiffs Mary Ann Barbuti and Peter Barbuti's motion to remand to state court. Third-party defendant Litton Loan Servicing, LP ("Litton") has filed an opposition (doc. #16) as has third-party defendant Green Tree Servicing, LLC ("Green Tree") and crossdefendant Federal National Mortgage Association ("Fannie Mae") (doc. #17). The Barbutis have replied. (Doc. #19).

**I. Facts**

This matter originated when Fannie Mae filed an unlawful detainer action against the Barbutis on May 19, 2011. On July 22, 2011, the Barbutis filed an amended answer to the unlawful detainer complaint, together with a counterclaim against Fannie Mae and a third-party claim against Litton and Green Tree. The Barbutis then filed a Chapter 7 bankruptcy petition on August 10, 2011. Upon the filing of the bankruptcy, the state court action was automatically stayed.

On September 2, 2011, Fannie Mae filed a motion to lift the bankruptcy stay. The stay was terminated on October 26, 2011, and on November 4, 2011, the bankruptcy action was dismissed.

Thereafter, on December 29, 2011, the Justice Court of Clark County, Nevada issued an order finding that it lacked jurisdiction to hear the case, and transferred the matter to the Eighth Judicial District Court, Clark County. Litton represents that it was made aware of this order on January 10, 2012, and filed its petition for removal nine days later.

## II. Arguments

The moving papers generally revolve around whether removal was timely.

The Barbutis argue that because their third-party complaint, alleging over $75,000, in damages was filed more than thirty days before Litton removed the case to federal court (notwithstanding the period in which the stay was in effect), removal was improper.

Litton, Green Tree, and Fannie Mae contend that because the third-party complaint was filed in justice court, which is a court of limited jurisdiction hearing only cases wherein the amount in controversy is less than $10,000, the filing of the third-party complaint did not make the case removable, because it was a legal certainty that less than $75,000 was at issue. Once the case was transferred to district court, a court of general jurisdiction, the amount in controversy was increased to the $75,000 or more demanded in the third-party complaint, and the case was finally made removable. Because Litton sought removal within 30 days of learning about the transfer, these parties contend removal was timely.

The moving papers do not, however, discuss the right of a third-party defendant to remove a case in the first place. For the reasons below, this court finds that Litton did not have the authority to remove the action, and therefore remands the case to district court.

## III. Discussion

### *A. Standard of Review*

An action filed in state court may be removed to federal court if the federal court would have had original subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). Subject matter jurisdiction exists over suits between citizens of different states where the amount in controversy

James C. Mahan
U.S. District Judge

exceeds to sum or value of $75,000. 28 U.S.C. § 1332(a). If a case is not removable based on the initial pleading, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper" which makes the action removable. 28 U.S.C. § 1446(b). The removal statutes are construed restrictively, and doubts regarding the viability of removal are resolved in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Only "true" defendants – as opposed to cross-defendants, counterdefendants, or third-party defendants – have the right to remove an action from state to federal court. *See Shamrock Oil*, 313 U.S. at 104-05 (interpreting predecessor statute to § 1441); *see also Westwood Apex v. Contreras*, 644 F.3d 799, 805 (9th Cir. 2011); 14C Wright & Miller, et al., Federal Practice & Procedure § 3730, p. 432 (2009) ("The federal courts have strictly interpreted these limitations, often speaking of the right to remove as being limited to "true" defendants. Thus, . . . third-party defendants brought into the state action by the original defendant [cannot] exercise the right to remove claims to the federal court. . ."). While a minority of circuits have extended the power to remove to third-party defendants, courts in the Ninth Circuit have followed the majority position of limiting the power to remove to true defendants. *See Schmidt v. Ass'n of Apartment Owners of Marco Polo Condo.*, 780 F. Supp. 699, 702 (D. Haw. 1991).

*B. Analysis*

Litton, as a third-party defendant, did not have the right to remove this action to state court. As explained in *Moore's Federal Practice*, a leading treatise on procedure in the federal courts, no statutory right exists to grant a third-party defendant the right to remove:

> We believe that the reference in the general removal statute, § 1441, is only to [the] *plaintiff's* defendants and does not include such defendants as third-party defendants, cross-claim defendants, and other parties that are not defending a claim asserted against them by the plaintiff. . . . If the plaintiff and the plaintiff's defendants must, or have chosen to, adjudicate their suit in a state forum, we fail to find any statutory right clearly given to other type defendants, by the general removal § 1441, to choose a federal forum. . . .

*Id.* (quoting 1A *Moore's Federal Practice* ¶¶ 0.157[7] (1989)) (alterations and emphasis in original).

James C. Mahan
U.S. District Judge

This court agrees with the various courts and treatises cited above, that the removal statute, which this court must construe narrowly, restricts removal to only plaintiff's defendants, and does not extend to third-party defendants. Numerous courts within this circuit have agreed. *See id*; *see also HVAC Sales, Inc. v. Zurich Am. Ins. Group*, 2005 WL 2216950, *3 (N.D. Cal. 2005); *Ciolino v. Ryan*, 2003 WL 21556959, *3 (N.D. Cal. 2003) ("[a]s there is no reason to diverge from this well-established approach, the [c]ourt finds that . . . a third-party defendan[t] cannot remove this case under section 1441(a)); *Gartec v. Joseph Enterprises, Inc.*, 2002 U.S. Dist. LEXIS 21110, *3 (N.D. Cal. 2002) ("a third party defendant ... lacks the power of removal"); *Saeilo Machinery (USA), Inc. v. Hirdes Freight, Ltd.*, 2000 WL 1205338, *2 (C.D. Cal. 2000) ("the court adopts the majority view that cross-defendants are not allowed to remove a case"); *Cross v. Kaiser Foundation Hospitals*, 1998 WL 737998, *1 (N.D. Cal. 1998) ("cross-defendants and third-party defendants are not allowed to remove"); *Orosco v. Royal Roofing Co., Inc.*, 1997 WL 724456, *1 (N.D. Cal. 1997) (finding third-party defendant's "petition for removal pursuant to section 1441(a) . . . improper"). Applying these principals, Litton was without authority to seek removal of the instant case.

**IV. Conclusion**

Pursuant to the foregoing, this court finds remand is proper.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Barbutis' motion to remand (doc. #13) be, and the same hereby is, GRANTED.

The clerk of the court shall administratively close this case and transfer it to the Eighth Judicial District Court, Clark County Nevada.

DATED April 20, 2012.

James C. Mahan

**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**